IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| TIFFANY RICHARDSON § | |
| and ANDREW RICHARDSON § | |
| § | |
| V. § | CIVIL ACTION NO. G-14-065 |
| § | |
| BENEFICIAL FINANCIAL I, INC. § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Gregg Costa, United States District Judge, is the Motion to Dismiss of Defendant, Beneficial Financial I, Inc. (Beneficial); the Motion seeks the dismissal of all claims asserted against it by Plaintiffs, Tiffany and Andrew Richardson. The Motion has been fully briefed and is now ripe for a determination. The Court now submits this Report and Recommendation to Judge Costa.

On September 6, 2007, Plaintiffs entered into a home equity loan with Beneficial and executed a Note and Deed of Trust securing Beneficial's interest in the Plaintiffs' residence at 436 East Castle Harbor Drive, Friendswood, Texas. In August 2011, the Plaintiffs defaulted on the Note. On January 17, 2013, Beneficial sent Plaintiffs a Notice of Right to Cure Default, via certified mail, giving them until February 16, 2013, to cure the approximate $20,500.00 arrearage. The arrearage was not cured. On January 16, 2014, Beneficial sent Plaintiffs a Notice that the servicing of their loan would be transferred to Caliber Home Loans (Caliber) effective January 31, 2014. On July 5, 2013, Beneficial filed an Application for Home Equity Foreclosure Order in Galveston County District Court. On

January 23, 2014, Plaintiffs sued Beneficial in state court alleging violations of the Emergency Economic Stabilization Act (EESA), the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TLIA) and the Texas Property Code.  Beneficial removed the case on March 3, 2014, and two weeks later filed its Motion to Dismiss under Rule 12(b)(6).

Plaintiffs allege that Beneficial violated the EESA by failing to consider a loan modification prior to initiating foreclosure proceedings.  The Home Affordable Modification Program (HAMP) was enacted pursuant to the Making Home Affordable initiative of the Secretary of the Treasury as authorized by the EESA.  See 12 U.S.C. § 5219a(a)  Plaintiffs allege that Beneficial has no right to foreclose on their property because it "failed to provide the mandatory pre-foreclosure and default servicing" required under the EESA.  This claim has no merit because there is no cognizable private cause of action under HAMP, the administrative tool to effectuate the goals of the EESA.  Miller v. Chase Home Finance, LLC, 677 F.3d 1113, 1114-17 (11th Cir. 2012) (EESA was not passed for the "especial benefit" of struggling home owners, even though they may benefit from HAMP's incentives to loan servicers.)  See also, Easley v. Federal National Mortgage Association, 2011 WL 6002644 (S.D. Tex. Nov. 30, 2011)  Consequently, Plaintiffs' claim for Beneficial's alleged violation of the EESA must be dismissed.

Plaintiffs allege Beneficial violated RESPA by not providing them with advance notice of its transfer of the loan to Caliber.  However, attached to Beneficial's Motion is a properly authenticated exact copy of the transfer notice sent to Andrew Richardson on January 16, 2014.  Plaintiffs only response is that "(u)pon information and belief" Defendant has not provided the proper notice.  The Court finds this response unpersuasive.  Moreover, Plaintiffs have not alleged that they have suffered any actual damages resulting from this alleged violation as required by the statute.  Denley v. Vericrest Financial, Inc., 2012 WL 2368325 *4 (S.D. Tex., June 21, 2012)

Although not addressed by Beneficial, it appears Plaintiffs are asserting a claim that Beneficial violated RESPA by charging them improper late fees.  In their response, Plaintiffs state that "(u)pon information and belief, Defendant has levied spurious late fees on the Plaintiffs."  This conclusory "factual" allegation does not save Plaintiffs' complaint from being dismissed for failure to state a claim.  The entirety of the relevant allegations in their complaint are no more than a statement of the law:  "RESPA also protects borrowers by limiting late fees during a servicing transfer period and it creates a private right of action against servicers for failure to comply with its provisions 12 U.S.C. § 2605(f)."   There are absolutely no facts alleging what Beneficial may or may not have done to violate § 2605(f) in Plaintiffs' complaint. Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Igbal, 556 U.S. 662, ___, 173 L.Ed. 2d 868, 883

(2009)   In the opinion of this Court, Plaintiffs' RESPA claims should, therefore, be dismissed.

Plaintiffs allege Beneficial violated the TILA by failing to notify them of the "transfer of servicer." If Plaintiffs are referring to the transfer to Caliber discussed above, the Court remains unconvinced. Regardless, as Beneficial points out, TILA only requires the transferee of a loan to provide notice to the debtor that it is now the new owner of the debt. 15 U.S.C. § 1641(g)   Accordingly, Beneficial, as the transferor, is not the proper party to be sued under this provision of the TILA. In addition, Plaintiffs, again, have failed to allege any actual damages as required by the statute. This claim should, therefore, be dismissed.

Finally, Plaintiffs alleged that because they received the Notice of Right to Cure Default from Beneficial on January 29, 2013, only 18 days before the February 16, 2013, deadline, the Notice was in violation of the 20-day cure period required by § 51.002 of the Texas Property Code. This claim has no merit. Plaintiffs admit receiving the letter and alleged that it was dated January 17, 2013. Since, under § 51.002(e), the date the Notice was deposited in the mail controls in the calculation of the 20-day period, it is obvious the Notice was timely. This claim, therefore, should be dismissed.

In their response, Plaintiffs have asserted, for the first time, violations of the Federal Debt Collections Practices Act. The Court should not permit these unalleged claims to be raised at this juncture. See Eckhardt v. Qualitest Pharmaceuticals, Inc., 858 F.2d 792, 801 (S.D. Tex. 2012) (The Court will not consider claims that first appear in a response to a

motion to dismiss.)  Cf.  Cutrera v. Board of Supervisors of LSU, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint, but rather, is raised only in response to a motion for summary judgment is not properly before the Court.")

For all of the foregoing reasons, it is the **RECOMMENDATION** of this Court that the " Motion to Dismiss" (Instrument no. 7) of Defendant, Beneficial Financial I, Inc., be **GRANTED** and that all claims asserted by Plaintiffs, Tiffany and Andrew Richardson, against Beneficial be **DISMISSED with prejudice**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **Friday, May 9, 2014**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____24th_____ day of April, 2014.

John R. Froeschner
United States Magistrate Judge